



FILED

APR - 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-28879-E-11 |
| ANNETTE HORNSBY, | |
| Debtor. | |
| ———————————————— | |
| AUGUST B. LANDIS, ACTING UNITED STATES TRUSTEE, | Adv. Proc. No. 12-2718 Docket Control No. UST-1 |
| Plaintiff, | |
| v. | |
| ANNETTE HORNSBY, | |
| Defendant. | |
| ———————————————— | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

The U.S. Trustee for Region 17 has filed this Adversary Proceeding seeking to obtain an injunction imposing a five year pre-filing review requirement against Annette Hornsby, the Debtor in pending case no. 12-28879 ("Defendant-Debtor") as a condition on her filing subsequent bankruptcy cases. The U.S. Trustee does not seek a complete ban on the Defendant-Debtor filing subsequent bankruptcy cases during the period of the injunction. The U.S. Trustee asserts that the Defendant-Debtor has personally filed

seven bankruptcy cases since December 18, 2007. The first three cases were filed in the Northern District of California and the subsequent four cases were filed in the Eastern District of California. It is further alleged that the Defendant-Debtor's seven bankruptcy filings are part of a string of 16 bankruptcy filings which are part of a scheme to protect one or more of the Defendant-Debtor's real properties. The injunction is requested as to the Defendant-Debtor, whether in her name or using an alias.

Jurisdiction for this Adversary Proceeding exists pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. E.D. Cal. Gen Orders 182, 223. This Adversary Proceeding is a core matter arising under Title 11, including 11 U.S.C. §§ 301, 349, and 105(a). 28 U.S.C. § 157(b)(2)(O) and the inherent power of this court.

**U.S. Trustee's Motion and Supporting Pleadings**

In his Motion, the U.S. Trustee sets forth the following grounds with particularity for the entry of a judgment against the Defendant-Debtor,[1] and provides supporting evidence thereof.

    A.    The Defendant-Debtor has failed to file an answer or other responsive pleading to the complaint and her default has been entered by the court.

    B.    The relief requested is that the Defendant be barred for a period of five years from filing any further bankruptcy cases without obtaining the authorization from the court in which she seeks to file the case.

    C.    The Defendant-Debtor has filed seven bankruptcy cases since December 18, 2007. The first three cases were filed in the Northern District of California and the next four cases were filed in the Eastern District of

---

[1]  Federal Rule of Civil Procedure 7(b) and Federal Rule of Bankruptcy Procedure 7007.

California.   The first five cases were filed in *pro per.* In the sixth case the Defendant-Debtor was represented by Carolle Hudson, Esq. and by Sunita Kapoor, Esq. in this seventh case.

D. The Defendant-Debtor's seven bankruptcy filings are part of a string of sixteen bankruptcy cases filed to protect properties owned by the Defendant-Debtor.

E. The bankruptcy cases filed by the Defendant-Debtor or to protect properties of the Defendant-Debtor are:

1. Annette Hornsby, Case No. 12-28879 E.D. California
   Counsel: Sunita Kapoor, Esq.

   a. Chapter 11
      Date Filed: 05/08/2101
      Pending

   b. Common Addresses and Information with other Named Debtors

      (1) Hornsby's address listed as 2319 Bennington Dr., Vallejo, CA

   c. Common Assets with Other Named Debtors

      (1) 2319 Bennington Dr. Vallejo, CA (Fee Simple)

      (2) 324 Moonraker, Vallejo, CA (Fee Simple)

      (3) 950 Harrison St. #207, San Francisco, CA (Notice of Lis Pendens, Wrongful Foreclosure)

   d. Additional Information

      (1) Deutsche Bank National Trust Company filed a motion for relief from the automatic stay (LHL-1) for an unlawful detainer action to obtain possession of the 950 Harrison St. property, asserting that it was the owner pursuant to a December 7, 2009 pre-petition foreclosure.  The motion was granted.

2. Annette Hornsby, Case No. 12-21050 E.D. California

   a. Chapter 13
      Date Filed: 01/19/2012
      Date Dismissed: 02/23/2012

   b. Common Assets with Other Named Debtors

     (1)  2319 Bennington Dr. Vallejo, CA (Residence/Owner)

     (2)  324 Moonraker, Vallejo, CA (Rental/Owner)

     (3)  950 Harrison St. #207, San Francisco, CA (Owner)

c.  Common Addresses and Information with other Named Debtors

     (1)  Hornsby's addressed listed as 2319 Bennington Dr., Vallejo, CA

d.  Additional Information

     (1)  Deutsche Bank National Trust Company filed a motion for relief from the automatic stay (LHL-1) for an unlawful detainer action to obtain possession of the 950 Harrison St. property, asserting that it was the owner pursuant to a pre-petition foreclosure.

        Kennett Taylor filed an opposition stating that his "possession and property rights will be detrimentally affected" if he were not allowed to oppose the motion for relief.

        Before the motion could be heard the case was dismissed for the failure to file Schedules and other required documents.

3.  Kennett P. Taylor, Case No. 10-33303 N.D. California

a.  Chapter 13
    Date Filed: 08/26/2010
    Date Dismissed: 09/20/2010

b.  Common Addresses and Information with Defendant-Debtor

     (1)  Taylor's address listed as 950 Harrison St. #207, San Francisco, CA.

c.  Additional Information

     (1)  Deutsche Bank National Trust Company filed a motion for relief from the automatic stay for an unlawful detainer action to obtain possession of the 950 Harrison St. property, asserting that it was the owner pursuant to a pre-

4

petition foreclosure.   The Motion was granted.

4.   Kennett   P.   Taylor,   Case   No.   10-32793   N.D. California

    a.   Chapter 13
       Date Filed: 07/26/2010
       Date Dismissed: 08/05/2010

    b.   Common   Addresses   and   Information   with Defendant-Debtor

       (1)   Taylor's address listed as 950 Harrison St. #207, San Francisco, CA.

    c.   Additional Information

       (1)   Deutsche   Bank   National   Trust   Company filed   a   motion   for   relief   from   the automatic stay for an unlawful detainer action   to   obtain   possession   of   the 950 Harrison St. property, asserting that it   was   the   owner   pursuant   to   a   pre-petition   foreclosure.   The   bankruptcy case was dismissed for failure to file Schedules and other required documents before the motion was heard.

5.   Ramoan   T.   Roberts,   Case   No.   10-32580   N.D. California

    a.   Chapter 13
       Date Filed: 07/09/2010
       Date Dismissed: 08/03/2010

    b.   Common Assets with Defendant-Debtor

       (1)   No Schedules Filed.

       (2)   Mailing Matrix lists the following,

           (a)   Wachovia Mortgage for 324 Moonraker Dr., Vallejo, CA.

           (b)   Deutsche   National   Trust   for   950 Harrison #207, San Francisco, CA.

    c.   Common   Addresses   and   Information   with Defendant-Debtor

       (1)   Robert's address listed as 950 Harrison St. #207, San Francisco, CA.

6. Ramoan T. Roberts, Case No. 10-46575 N.D. California

    a.    Chapter 13
           Date Filed: 06/09/2010
           Date Dismissed: 06/25/2010

    b.    Common Assets with Defendant-Debtor

        (1)  No Schedules Filed.

        (2)  On Mailing Matrix Roberts listed Wachovia Mortgage "Regarding-Property, 324 Moonraker Dr., Vallejo, CA 94590."

    c.    Common Addresses and Information with Defendant-Debtor

        (1)  Robert's address listed as 6273 Brookside Ave., Oakland, CA

7. Annette Hornsby, Case No. 08-35771 E.D. California

    a.    Chapter 11, Converted to Chapter 7
           Date Filed: 10/29/2008
           Date Chapter 7 Discharge: 01/22/2010

    b.    Common Assets with Other Named Debtors

        (1)  2319 Bennington Dr. Vallejo, CA (Fee Simple)

        (2)  324 Moonraker, Vallejo, CA (Fee Simple)

        (3)  8019 Michigan, Oakland, CA (Fee Simple)

        (4)  950 Harrison St #207, San Francisco, CA (Fee Simple)

        (5)  6273 Brookside Ave, Oakland, CA (Fee)

    c.    Common Addresses and Information with other Named Debtors

        (1)  Hornsby's address listed as 2319 Bennington Dr., Vallejo, CA

    d.    Additional Information

        (1)  U.S. Bank, N.A. filed a motion for relief from the automatic stay to evict Defendant-Debtor from the Brookside Ave. property, alleging that a pre-petition foreclosure had occurred. The Motion (JMS-1) was denied, the automatic stay

not having gone into effect in the bankruptcy case pursuant to 11 U.S.C. § 362(c)(4).

    (2)    Wachovia Mortgage filed a motion for relief from the automatic stay to foreclose on the Bennington Dr. property. The motion (DMM-1) was denied based on there being no automatic stay in the bankruptcy case.

    (3)    Deutsche Bank National Trust Company filed a motion for relief from the automatic stay to foreclose on the Harrison St Property, alleging an arrearage of over $98,000.00. The motion (TJS-001) was granted.

8.    Ramoan T. Roberts, Case No. 08-45255 N.D. California

    a.    Chapter 13
           Date Filed: 09/19/2008
           Date Dismissed: 10/16/2008

    b.    Common Assets with Other Named Debtors

        (1)    No Schedules filed.

        (2)    Mailing Matrix lists Litton Loan Servicing for the 950 Harrison St. # 207 property for notice of Robert's bankruptcy case.

9.    Annette Hornsby, Case No. 08-29857 E.D. California

    a.    Chapter 13
           Date Filed: 07/21/2008
           Date Dismissed: 09/05/2008

    b.    Common Assets with Other Named Debtors

        (1)    2319 Bennington Dr. Vallejo, CA (100%)

        (2)    324 Moonraker, Vallejo, CA (100%)

        (3)    8019 Michigan, Oakland, CA (100%)

        (4)    950 Harrison St #207, San Francisco, CA (100%)

    c.    Common Addresses and Information with other Named Debtors

        (1)    Hornsby's addressed listed as 2319

Bennington Dr., Vallejo, CA

    d.   Additional Information

       (1)  Stan Shore Trust filed a motion for relief from the stay alleging that Defendant-Debtor was more than $40,000.00 in arrears on the obligation secured by the senior deed of trust (Wachovia identified as the creditor) and was in default in payments to the Trust since April 1, 2008. The motion was not heard, the case being dismissed pursuant to 11 U.S.C. § 521(I).

    e.   Common Addresses and Information with other Named Debtors

10.   Annette Hornsby, Case No. 08-41908, N.D. California

    a.   Chapter 13
       Date Filed: 04/21/2008
       Date Dismissed: 06/26/2008

    b.   Common Assets with Other Named Debtors

       (1)  2319 Bennington Dr. Vallejo, CA (Sole and separate residence)

       (2)  324 Moonraker, Vallejo, CA (Sole and separate residence)

       (3)  8019 Michigan, Oakland, CA (Sole and separate residence)

       (4)  950 Harrison St. #207, San Francisco, CA (Sole and separate residence)

    c.   Common Addresses and Information with other Named Debtors

       (1)  Hornsby's addressed listed as 2319 Bennington Dr., Vallejo, CA

11.   Annette Hornsby, Case No. 08-40528 N.D. California

    a.   Chapter 13
       Date Filed: 02/05/2008
       Date Dismissed: 03/18/2008

    b.   Common Assets with Other Named Debtors

       (1)  No Schedules Filed

    c.   Common Addresses and Information with other

Named Debtors

    (1)  Hornsby's addressed listed as 2319 Bennington Dr., Vallejo, CA

12.  Annette Hornsby, Case No. 07-44398 N.D. California

    a.  Chapter 13
       Date Filed: 12/18/2007
       Date Dismissed: 01/31/2008

    b.  Common Assets with Other Named Debtors

       (1)  No Schedules Filed

    c.  Common Addresses and Information with other Named Debtors

       (1)  Hornsby's addressed listed as 2319 Bennington Dr., Vallejo, CA

13.  Ramoan T. Roberts, Case No. 07-42672 N.D. California

    a.  Chapter 13
       Date Filed: 08/23/2007
       Date Dismissed: 11/08/2007

    b.  Common Assets with Defendant-Debtor

       (1)  No Schedules Filed.

    c.  Common Addresses and Information with Defendant-Debtor

       (1)  Robert's address listed as 6273 Brookside Ave, Oakland, CA.

14.  Ramoan T. Roberts, Case No. 07-41737 N.D. California

    a.  Chapter 13
       Date Filed: 06/08/2007
       Date Dismissed: 07/25/2007

    b.  Common Assets with Defendant-Debtor

       (1)  6273 Brookside, 1/4 interest (no other information)

       (2)  5204 Starter, 1/4 interest (no other information)

       (3)  5208 Starter, 1/4 interest (no other information)

    c.   Common  Addresses  and  Information  with Defendant-Debtor

        (1)   Robert's address listed as 6273 Brookside Ave, Oakland, CA. No prior addresses are listed in response to Question 15 on the Statement of Financial Affairs, notwithstanding Roberts listing the 3234 Adeline St. address in his prior Chapter 13 case filed just two months earlier. Bankr. N.D. Cal. 07-41737 Dckt. 13 at 17.

15.   Ramoan T. Roberts, Case No. 07-41069 N.D. California

    a.   Chapter 13
        Date Filed: 04/09/2007
        Date Dismissed: 05/17/2007

    b.   Common Assets with Defendant-Debtor

        (1)   6273 Brookside, 1/4 interest (no other information)

        (2)   5204 Starter, 1/4 interest (no other information)

        (3)   5208 Starter, 1/4 interest (no other information)

    c.   Common  Addresses  and  Information  with Defendant-Debtor

        (1)   Robert's address listed as 3234 Adeline St., Berkeley, CA. This property is not listed on Schedule A as property of Roberts and no Schedule G (leases) was filed. Bankr. N.D. Cal. 07-41069 Dckt. 13 at 3. No prior addresses are listed in response to Question 15 on the Statement of Financial Affairs. *Id.*, at 17.

16.   NARDAC, LLC, Case No. 06-42363 N.D. California

    a.   Chapter 11
        Date Filed: 12/05/2006
        Date Dismissed: 06/19/2007

    b.   Common Assets with Defendant-Debtor

        (1)   Prior to Commencement of Chapter 11 case Defendant Debtor Transferred a 25% interest from herself to the debtor

corporation:

    (a)  6273 Brookside Ave, Oakland, CA

    (b)  5204 Starter Ave, Las Vegas, NV

    (c)  5208 Starter Ave, Las Vegas, NV

  c.  Common Addresses and Information

    (1)  NARDAC, LLC Owners

        (a)  Defendant-Debtor

        (b)  Kennett P. Taylor

            i)  Taylor identified as "business partner," but is identified as a "tenant" in subsequent bankruptcy cases.

        (c)  Certificate of Limited Liability Company for NARDAC, LLC identifies Kennett Taylor and Annette Hornsby, each, as Co-Managers.  Bankr. N.D. Cal. No. 06-42363 Dckt. 11.

        (d)  Statement of Financial Affairs states that NARDAC, LLC was holding property identified as the "remainder interests in each of the three parcels of real property: 6273 Brookside Avenue, Oakland; 5204 Starter Avenue and 5208 Starter Avenue, Las Vegas, Ne" which is property owned by Annette Hornsby. Bankr. N.D. Cal. No. 06-42363, Question 14, Dckt. 13.

        (e)  Kennett Taylor and Annette Hornsby are identified in the Statement of Financial Affairs as 50% each owners of NARDAC, LLC.  *Id.*, Question 21.

**Defendant-Debtor's Opposition**

The Defendant-Debtor filed an opposition to the Motion for Entry of Default Judgment.  It asserts that the first three bankruptcies filed by the Defendant-Debtor in *pro se* in the Northern District of California and should be excused because of her lack of knowledge of bankruptcy law.  It is alleged that it was

only after the Defendant-Debtor obtained a "free consultation with a [unnamed] Female Bankruptcy Lawyer in Hayward, California" was she informed that she should be filing her bankruptcy cases in the Eastern District of California.

It is further alleged that an unnamed bankruptcy judge in the Northern District of California "instructed" the Defendant-Debtor to "re-file again in Sacramento." It is asserted that the Defendant-Debtor then filed in the Eastern District of California her fourth bankruptcy case "upon the advice of the [Northern District Bankruptcy] judge." The fourth bankruptcy case was filed in *pro se*, and dismissed. Then the Defendant-Debtor obtained sufficient funds and hired attorney Carol Hudson to file a Chapter 11 case. That case was converted to one under Chapter 7.

The Defendant-Debtor has provided her declaration in opposition to the Motion now before the court. The Defendant-Debtor states under penalty of perjury the following:

A. She opposes a five year bar to filing further bankruptcy petitions due to the fact that "all of my filings were made with good intentions and in [no] way was I trying to defraud, mislead or abuse the Court."

B. It was only after speaking with the unnamed female lawyer in Hayward, California, did the Defendant-Debtor learn that she should be filing her fourth bankruptcy case in the Eastern District of California.

C. The bankruptcy judge in the Northern District of California "instructed" the Defendant-Debtor to file her fourth bankruptcy case in the Eastern District of California.

D. She relied upon the "advice" of the judge in the Northern District of California to file her fourth bankruptcy case in the Eastern District of California.

E. As a *pro per*," the Defendant-Debtor is not familiar with Bankruptcy law, and "never had any intention to abuse the system."

12

F.   The current bankruptcy case has been filed to prevent a foreclosure on her residence.  The Defendant-Debtor is obtaining a loan modification for this debt.

**OBTAINING A DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055 govern default judgments. *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006).  Obtaining a default judgment of nondishcargeability of a claim is a two-step process which requires: (1) entry of the defendant's default, and (2) entry of a default judgment.  *Id.* at 770.

Even when a party has defaulted and all requirements for a default judgment are satisfied, a claimant is not entitled to a default judgment as a matter of right.  10 Moore's Federal Practice - Civil ¶ 55.31 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.).  Entry of a default judgment is within the discretion of the court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006)(citing *In re Kubick*, 171 B.R. 658, 659-60 (B.A.P. 9th Cir. Alaska 1994). Default judgments are not favored, as the judicial process prefers determining cases on their merits whenever reasonably possible. *Id.* at 1472.  Factors which the court may consider in exercising its discretion include:

(1)   the possibility of prejudice to the plaintiff,

(2)   the merits of plaintiff's substantive claim,

(3)   the sufficiency of the complaint,

(4)   the sum of money at stake in the action,

(5)   the possibility of a dispute concerning material facts,

(6)   whether the default was due to excusable neglect, and

(7)   the strong policy underlying the Federal Rules of Civil

1    Procedure favoring decisions on the merits.

2  *Eitel v. McCool*, 782 F.2d at 1471-72 (citing 6 Moore's Federal

3  Practice - Civil ¶ 55-05[s], at 55-24 to 55-26 (Daniel R.

4  Coquillette & Gregory P. Joseph eds. 3rd ed.)); *In re Kubick*, 171

5  B.R. at 661-662.

6    In fact, before entering a default judgment the court has an

7  independent duty to determine the sufficiency of Plaintiff's claim.

8  *Id.* at 662.   Entry of a default establishes well-pleaded

9  allegations as admitted, In re *McGee*, 359 B.R. at 772, but factual

10  allegations that are unsupported by exhibits are not well pled and

11  cannot support a claim. *Id.* at 774.   Thus, a court may refuse to

12  enter default judgment if Plaintiff did not offer evidence in

13  support of the allegations. *See id.* at 775.

14    The court finds that entering a default judgment is proper in

15  this Adversary Proceeding.   There is prejudice to the Plaintiff,

16  the U.S. Trustee, in having to adjudicate this matter on the

17  Motion.   The Defendant-Debtor has demonstrated the propensity to

18  repeatedly file non-productive bankruptcy cases requiring the time,

19  effort, and resources of the U.S. Trustee and bankruptcy trustees

20  to address and seek dismissal of those cases.   The U.S. Trustee has

21  presented the court with a strong, if not compelling case for the

22  relief requested.   The present Motion is based on objective facts

23  which are not the subject of any dispute.   The Complaint and Motion

24  clearly state with particularity the grounds for relief.   The court

25  is not presented with any basis for believing that the failure to

26  respond was due to excusable neglect.   The Defendant-Debtor has

27  been represented by counsel and is very experienced in filing

28  cases, and having them dismissed, in the bankruptcy court.   The

court has required the Plaintiff to provide evidence in support of the allegations, and judgment is requested based on the evidence presented, not merely on the Defendant-Debtor's failure to answer.

**Injunction Imposing Pre-Filing Review Requirement**

The bankruptcy courts are established by an act of Congress and the All Writs Act, *28 U.S.C. § 1651(a)*, and 11 U.S.C. §105 provide the bankruptcy courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp, et al*, 500 F.3d 1047 (9th Cir. 2007); *Gooding v Reid, Murdock & Co.*, 177 F 684, (7th Cir 1910), *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999), and *In re Bialac* 15 B.R. 901, 9th Cir. B.A.P. 1981), *affd.* 694 F2d 625 (9th Cir. 1982). A court must be able to regulate and provide for the proper filing and prosecuting of proceedings before it. 11 U.S.C. §105(a) expressly grants the court the power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. Further, the court is authorize to *sua sponte* take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. This power exists, and it does not matter whether it is being exercised pursuant to 11 U.S.C. §105 or the inherent power of the court. *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 2007); and *Peugeot v. U.S. Trustee (In re Crayton)*, 192 B.R. 970, 976 (9th Cir. BAP 1996).

The Ninth Circuit Court of Appeals re-stated the grounds and methodology for pre-filing review requirements as an appropriate method for the federal courts in effectively managing serial filers or vexatious litigants. *Molski v. Evergreen Dynasty Corp, et al*,

500 F.3d 1047 (9th Cir. 2007), *en banc* hearing denied, 521 F.3d 1215 (9th Cir. 2008); and *In re Fillbach*, 223 F.3d 1089 (9th Cir. 2000). While maintaining the free and open access to the courts, it is also necessary to have that access be properly utilized and not abused. The abusive filing of bankruptcy petitions, motions, and adversary proceedings for purposes other than as allowed by law diminishes the quality of and respect for the judicial system and laws of this country.

As addressed by the Ninth Circuit Court of Appeals in *Molski*, the ordering of a pre-filing review requirement is not to be entered with undue haste because such orders can tread on a litigant's due process right of access to the courts. As discussed in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982), the right to seek redress from the court is a protected right for civil litigants. The issuing of a pre-filing only is to be made only after a cautious review of the pertinent circumstances.

However, the Ninth Circuit Court of Appeals clearly draws the line that a person's right to present claims and assert rights before the federal courts is not a license to abuse the judicial process and treat the courts merely as a tool to abuse others.

> Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long, 912 F.2d at 1148; see O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).*

*Molski v. Evergreen Dynasty Corp, et al*, supra, pg 1057. In the Ninth Circuit the trial courts apply a four-factor analysis in determining if and what type of pre-filing or other order should

properly be issued based on the conduct of the party at issue.

1. First, the litigant must be given notice and a chance to be heard before the order is entered.

2. Second, the district court must compile "an adequate record for review."

3. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.

4. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered.

*Id.* These requirements are met for this Adversary Proceeding.

**Imposing a Pre-Filing Review Requirement is Proper**

The Defendant-Debtor's repetitive filing of bankruptcy cases, both in her name and cases being filed for properties in which she has, does, or did assert rights and interests, demonstrates abusive conduct and misuse of the bankruptcy laws. Though the bankruptcy court is open to all and a person's financial, personal, or other missteps are not a bar to seeking the extraordinary relief available, debtors must seek the relief and prosecute the cases in good faith.

In this case the Defendant-Debtor has chosen to repeatedly file a series of Chapter 13 cases in which she has failed to file minimum necessary documents. In the Ramoan T. Roberts, Kennett P. Taylor, and NARDAC, LLC cases no action was taken to prosecute those cases or provide for paying claims. The filing of those series of cases created a mosaic of automatic stays applicable to properties in which the Defendant-Debtor asserts ownership of or interests in. The Defendant-Debtor's multiple filing of bankruptcy cases led to the automatic stay not applying in her personal cases as provided in 11 U.S.C. § 362(c)(4). In the Debtor's seven

17

personal bankruptcy cases she has failed to fund any Chapter 13 Plan or propose a Chapter 11 plan in the current case. The Defendant-Debtor has been unable to timely file monthly operating reports in her current Chapter 11 case and the information in the reports lacks credibility. Civil Minutes of December 5, 2012 Status Conference, Dckt. 77.

The opposition raised by the Defendant-Debtor, who is represented by counsel, is nothing more than an anemic "I didn't try to do wrong," "I'm just a *pro se* who doesn't understand bankruptcy law," and "I filed the current bankruptcy case to stop a foreclosure on my residence." The Defendant-Debtor ignores, and attempts to divert the court's attention from, the series of 16 bankruptcy cases filed which relate to her properties.

This Defendant-Debtor is a sophisticated business person who owns/owned or has/had interests in multiple real properties in various States. The Defendant-Debtor is sophisticated enough to have a limited liability company through which to acquire and hold real properties. The Defendant-Debtor is a registered nurse, which indicates a person with more than an undergraduate college education and a level of sophistication well above that of the average least sophisticated consumer.

The court is cognizant of the significant impact the filing of a bankruptcy case has on not only the Defendant-Debtor, but creditors and other persons. Even if due to the repeated filings the automatic stay does not go into effect as a matter of law, the mere presentation of a petition and the significant sanctions imposed on someone violating the stay can work to prevent creditors from legitimately enforcing their rights. During the multi-year

period in which the Defendant-Debtor has been filing bankruptcy case, she has avoided paying creditors, as well as failing or intentionally refusing to fund any bankruptcy plan.

Upon considering the Complaint and Motion for Entry of a Default Judgment, the court finds that the U.S. Trustee's requested relief of a pre-filing review requirement to be measured (and quite generous) relief under these circumstances. The U.S. Trustee does not seek to dismiss the Defendant-Debtor's current Chapter 11 case. The requested relief allows the Defendant-Debtor and Defendant-Debtor's Chapter 11 counsel to prosecute the case in good faith.

A pre-filing review requirement is of little impact to a debtor seeking legitimate relief from the bankruptcy court. In this case, the pre-filing review requires the Defendant-Debtor (whether represented by counsel or continuing to act in *pro se*) to have the initial bankruptcy pleadings completed and on their face appear to be completed consistent with the requirements of the Bankruptcy Code and Chapter under which the Defendant-Debtor seeks to file bankruptcy. It imposes no significant cost or delay, in that the petition, schedules, and other basic pleadings need to be prepared at the time of filing. The ability to file a subsequent case rests solely with the Defendant-Debtor, requiring the Defendant-Debtor to do and comply with only what the Bankruptcy Code requires.

The pre-filing review requirement also has the effect of assisting this Defendant-Debtor to be prepared for the successful prosecution of any subsequent bankruptcy case, rather than continue to flounder and squander rights under the Bankruptcy Code. To the extent that the Defendant-Debtor has the ability to cure any

19

defaults and restructure any debts in a future bankruptcy case, she will be on track to do so during this five year pre-filing review period.

The Defendant-Debtor offers no reason why the pre-filing review imposes any burden on this multiple bankruptcy filer. The court heard oral argument on this Motion at the Status Conference in this Adversary Proceeding. Rather, it appeared that the only "burden" that the Defendant-Debtor fears is that she could not continue in her pattern of filing non-productive bankruptcy cases.[2]

The court finds from the totality of the circumstances that Defendant-Debtor's conduct in this case and prior cases before this court provides more than a sufficient basis for granting the relief requested. The Motion is granted and the court shall enter a judgment against the Defendant-Debtor and order the following relief:

1. Issuance of an injunction which bars filing of further bankruptcy cases by the Defendant-Debtor, Annette Hornsby, in her name or in the name of any alias, for a period of five years from the date of the judgment, unless the prior authorization is obtained from the Chief Bankruptcy Judge in the District in which the Defendant-Debtor desires to file a bankruptcy case.

2. Authorizing and ordering the Office of the Clerk to not

---

[2] For this Defendant-Debtor and Counsel, she does not find it strange or unusual that one person would be filing seven personal bankruptcy cases and nine related cases. This is highly unusual and the vast majority of debtors commence only one or two bankruptcy cases in their lifetime. Those debtors prosecute those cases they file, receive the extraordinary relief available under the Bankruptcy Code, fulfill their obligations under the Bankruptcy Code, and never again grace this court with their presence. This Defendant-Debtor has made the bankruptcy court her home for multiple cases over the past seven years.

1  file any bankruptcy petition filed by the Defendant-Debtor, Annette

2  Hornsby, in her name or in the name of any alias, which is not

3  approved for filing by the Chief Judge for the Bankruptcy District

4  in which Defendant-Debtor attempts to file a bankruptcy case.

5      3.   Granting the U.S. Trustee costs and expenses, with a

6  costs bill to be filed and served on or before April 26, 2013.

7  Dated: April 8, 2013

9  RONALD H. SARGIS, Judge

10  United States Bankruptcy Court

21

1

**CERTIFICATE OF MAILING**

2      The undersigned deputy clerk in the office of the United

3  States Bankruptcy Court for the Eastern District of California

4  hereby certifies that the attached document(s) was served by mail

5  to the following entities listed at the address(es) shown below:

6  Service List:

7  Annette Hornsby
   2319 Bennington Drive
8  Vallejo, CA 94591

9  Judith Hotze
   501 I St #7-500
10 Sacramento, CA 95814

11 Sunita Kapoor
   4115 Blackhawk Plaza Cir #100
12 Danville, CA 94509

13 Office of the U.S. Trustee
   Robert T Matsui United States Courthouse
14 501 I Street, Room 7-500
   Sacramento, CA 95814

15

16

17 DATE: 4/9/13

18                                          _____
                                            Deputy Clerk
19                                                    mgas

20

21

22

23

24

25

26

27

28